UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANA NESSEL, Attorney General of the State of Michigan,

    Plaintiff,

v.

BEVERLY HILLS LIQUOR & WINE, INC.,

    Defendant.

No.

HON.

# COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIONS PURSUANT TO THE TWENTY-FIRST AMENDMENT ENFORCEMENT ACT AND MICHIGAN CONSUMER PROTECTION ACT

Attorneys for Plaintiff

DANA NESSEL
Attorney General

Daniel Felder (P68920)
Kellie L. McGuire (P85058)
Melinda A. Leonard (P63638)
Assistant Attorneys General
Alcohol & Gambling Enforcement Division
25680 W. 8 Mile Rd.
Southfield, MI  48033
(313) 456-1180
FelderD1@michigan.gov

Dated:  November 4, 2021

## I. PRELIMINARY STATEMENT

1. Plaintiff, Michigan Attorney General Dana Nessel, brings this lawsuit against Defendant, Beverly Hills Liquor & Wine, Inc., and seeks preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, and costs and fines pursuant to the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901, *et seq.*

2. Beverly Hills Liquor & Wine has illegally sold and shipped intoxicating liquors to consumers in Michigan without licensure by the Michigan Liquor Control Commission (MLCC).

3. These practices violate several provisions of the Michigan Liquor Control Code, as well as section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903.

4. The MLCC, in partnership with the Michigan Department of Attorney General, has dedicated extensive resources to enforcing Michigan's alcohol sale and shipping restrictions.

5. In furtherance of the efforts to combat illegal sales and shipments of alcohol and avoid litigation, Plaintiff Nessel has attempted to stop Beverly Hills Liquor & Wine from making illegal sales and

shipments by issuing a cease-and-desist letter. See Exhibit 1 (cease-and-desist letter).

6. Beverly Hills Liquor & Wine failed to comply with the cease-and-desist request.

7. Beverly Hills Liquor & Wine continues to violate the alcohol sale and shipping laws imposed by the Michigan Liquor Control Code and, in so doing, threatens the health, safety, and welfare of Michigan citizens.

8. The Twenty-first Amendment to the United States Constitution prohibits "[t]he transportation or importation into any State, Territory, or Possession of the United States for delivery or use therein of intoxicating liquors, in violation of laws thereof." U.S. Const. Amend. XXI, § 2.

9. This lawsuit is required to restrain Beverly Hills Liquor & Wine from engaging or continuing to engage in the violations alleged, to enforce compliance with Michigan law, to enforce Michigan's authority over the transportation and importation of alcoholic liquor into Michigan, and to protect the health, safety, and welfare of its citizens. *See* 27 U.S.C. § 122a(b)(1)-(2).

## II. PARTIES

10. Plaintiff, Attorney General Dana Nessel, brings this suit in her official capacity.

11. Defendant, Beverly Hills Liquor & Wine, is a California corporation located at 8318 Wilshire Boulevard, Beverly Hills, CA 90211.

## III. JURISDICTION

12. The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a, permits state attorneys general to bring a civil action in federal district courts when the attorney general "has reasonable cause to believe that a person is engaged in, or has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor." 27 U.S.C. § 122a(b).

13. "Intoxicating liquor" is defined in the Twenty-first Amendment Enforcement Act as "any spirituous, vinous, malted, fermented, or other intoxicating liquor of any kind." 27 U.S.C. § 122a(a)(2).

14. This Court has jurisdiction pursuant to subsection (c)(1) of the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(1), which provides in relevant part:

> The district courts of the United States shall have jurisdiction over any action brought under this section by an attorney general against any person, except one licensed or otherwise authorized to produce, sell, or store intoxicating liquor in such state.

15. Beverly Hills Liquor & Wine is not licensed or otherwise authorized to produce, sell, or store intoxicating liquor in the State of Michigan.

16. Plaintiff's state law claims are so related to the action over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. As such, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

### IV. <u>VENUE</u>

17. The Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2), provides that "[a]n action under this section may be brought only in accordance with section 1391 of Title 28 or in the district in which the recipient of the intoxicating liquor resides or is found."

18. Beverly Hills Liquor & Wine has made an illegal sale and shipment of intoxicating liquor to an MLCC investigator who resides in Bay City, Michigan.

19. Bay City, Michigan, is located in the Eastern District of Michigan federal judicial district.

20. Venue in the Eastern District is therefore appropriate pursuant to the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(c)(2).

## V. BACKGROUND

21. Since 2015, with the close assistance of the Attorney General's Alcohol and Gambling Enforcement Division, the MLCC has focused on unlicensed entities illegally selling and shipping beer and wine to consumers in Michigan.

22. For the reasons alleged in this Complaint, Plaintiff has reasonable cause to believe that Beverly Hills Liquor & Wine is violating Michigan laws governing the transportation and importation of intoxicating liquor.

23. Beverly Hills Liquor & Wine continues to sell and ship wine directly to Michigan consumers despite not holding a direct shipper

6

license in the State of Michigan. Beverly Hills Liquor & Wine's activities constitute illegal importation of intoxicating liquors.

24. Michigan law generally prohibits a person from selling, delivering, or importing alcoholic liquor in Michigan unless the "sale, delivery, or importation is made by the [C]ommission, the [C]ommission's authorized agent or distributor, an authorized distribution agent approved by order of the [C]ommission, a person licensed by the [C]ommission, or by prior written order of the [C]ommission." Mich. Comp. Laws § 436.1203(1).

25. "Alcoholic liquor" is defined in the Michigan Liquor Control Code as:

> any spiritous, vinous, malt, or fermented liquor, powder, liquids, and compounds, whether or not medicated, proprietary, patented, and by whatever name called, containing ½ of 1% or more of alcohol by volume that are fit for use for food purposes or beverage purposes as defined and classified by the [C]ommission according to alcoholic content as belonging to 1 of the varieties defined in this chapter.

Mich. Comp. Laws § 436.1105(3).

26. Michigan allows only "direct shipper" licensees to sell and ship wine from outside the state directly to consumers in Michigan. *See*

Mich. Comp. Laws § 436.1203(4). "Direct shipper" is defined in the Michigan Liquor Control Code as either of the following:

    (i)    A wine manufacturer that sells, delivers, or imports wine it has manufactured, bottled, and registered with the [C]ommission, to consumers in this state or that is transacted . . . through the use of any mail order, internet, telephone, computer, device, or other electronic means, or sells directly to consumers on the winery premises.

    (ii)    A wine manufacturer that purchases wine from another wine manufacturer and further manufactures or bottles the wine or purchases shiners of wine from another wine manufacturer in compliance with section 204a, registers the wine with the [C]omission and sells the wine to consumers in this state that is transacted . . . through the use of any mail order, internet, telephone, computer, device, or other electronic means, or sells directly to consumers on the winery premises.

Mich. Comp. Laws § 436.1203(25)(i).

27. Only a licensed Michigan wine maker or an out-of-state wine manufacturer holding both a federal basic permit and a license to manufacture wine in its state of domicile may qualify for a direct shipper license. Mich. Comp. Laws § 436.1203(10).

28. Wine satisfies the definitions of "intoxicating liquor" in the Twenty-first Amendment Enforcement Act and "alcoholic liquor" in the Michigan Liquor Control Code.

8

## VI.   FACTS

29.   Beverly Hills Liquor & Wine has not applied for or received a license to sell or ship alcoholic liquor pursuant to the Michigan Liquor Control Code.

### 2017 Shipments

30.   In November 2018, an MLCC investigator reviewed a common carrier report that FedEx had submitted to the MLCC pursuant to Mich. Comp. Laws § 436.1203 concerning shipments of intoxicating liquor into Michigan in 2017.  The report showed that four shipments were sent to Michigan addresses by Beverly Hills Liquor & Wine.

### Cease and Desist Letter

31.   Based on the MLCC investigator's findings, in November 2019, the Michigan Department of Attorney General sent a cease-and-desist letter to Beverly Hills Liquor & Wine.  Exhibit 1.

32.   The letter was sent via certified mail to the address, return receipt requested.  An individual at Beverly Hills Liquor & Wine signed for the letter on December 2, 2019.

33. The cease-and-desist letter also included excerpts from a common carrier report from FedEx for 2017 that reflected four shipments of alcoholic liquor into Michigan by Beverly Hills Liquor & Wine. Exhibit 2 (common carrier report).

34. The cease-and-desist letter informed Beverly Hills Liquor & Wine that its practice of directly shipping alcoholic liquor to consumers in the State of Michigan is illegal. Furthermore, the cease-and-desist letter stated that legal action would result if Beverly Hills Liquor & Wine continued its illegal activity of selling and shipping alcoholic liquor to consumers in Michigan. Exhibit 1.

35. On January 7, 2021, a representative of Beverly Hills Wine & Liquor spoke with a Michigan Assistant Attorney General about the cease-and-desist letter. The representative inquired whether a license could be obtained to allow Beverly Hills Wine and Liquor to ship to Michigan consumers. The Assistant Attorney General advised the representative that no license was available, and the representative said that no further sales for shipment to Michigan would be made.

**Subsequent Shipment**

36. To investigate whether Beverly Hills Liquor & Wine had discontinued its illegal shipments following the November 26, 2019 cease-and-desist letter, an MLCC investigator placed an order on Beverly Hills Liquor & Wine's website, https://www.beverlyhillsliquorandwine.com, for the purchase and shipment of two 750 ml bottles of wine – a 2012 Sauvignon Blanc, and a 2015 Pinot Noir. Exhibit 3 (order documentation).

37. The MLCC investigator purchased the bottles of wine for $52.98 and paid $30.00 for shipping. Exhibit 3.

38. After not receiving correspondence regarding the order's status, the MLCC investigator contacted Beverly Hills Liquor & Wine by email and was told that the items ordered were out of stock. The MLCC investigator agreed to have those items replaced by similar items at the same price.

39. On December 9, 2020, the MLCC investigator received a package addressed to the MLCC investigator containing a 750 ml bottle of 2019 Sauvignon Blanc wine and a 750 ml bottle of 2018 Pinot Noir

wine at his address in Bay City, Michigan. Exhibit 4 (photographs of package and bottles).

40. The return address on the package fulfilling the investigator's order read: Hersel Golbahary, 2135 Benedict Canyon Drive, Beverly Hills, CA 90210. Exhibit 5 (photograph of return address label).

## COUNT I

### CAUSE OF ACTION UNDER TWENTY-FIRST AMENDMENT ENFORCEMENT ACT

41. Plaintiff incorporates by reference paragraphs 1-40 as if fully restated herein.

42. Subsection (b) of the Twenty-first Amendment Enforcement Act, 27 U.S.C. § 122a(b), provides for temporary and permanent injunctive relief, as follows:

> If the attorney general has reasonable cause to believe that a person is engaged in, or has engaged in, any act that would constitute a violation of a State law regulating the importation or transportation of any intoxicating liquor, the attorney general may bring a civil action in accordance with this section for injunctive relief (including a preliminary or permanent injunction) against the person, as the attorney general determines to be necessary to--

> (1) restrain the person from engaging, or continuing to engage, in the violation; and
>
> (2) enforce compliance with the State law.

43. Because Beverly Hills Liquor & Wine lacked a direct shipper license, its sale of wine and its shipment of wine to a Michigan consumer violated the prohibition in Mich. Comp. Laws § 436.1203(1).

44. Because Beverly Hills Liquor & Wine does not fit within one of the categories of persons permitted to sell, deliver, or import wine or beer in Mich. Comp. Laws § 436.1204(1), its sales and shipments of wine violate that statute.

45. Both Mich. Comp. Laws § 436.1203 and § 436.1204 are state laws regulating the importation and transportation of intoxicating liquor.

46. Defendant has also violated section 901(1) of the Michigan Liquor Control Code, Mich. Comp. Laws § 436.1901(1), which also regulates the importation and transportation of intoxicating liquor. That provision states:

> A person, directly or indirectly, himself or herself or by his or her clerk, agent or employee shall not manufacture, manufacture for sale, sell, offer or keep for sale, barter, furnish, or import, import for sale, transport for hire, or

transport, or possess any alcoholic liquor unless the person complies with this act.

47. Absent temporary and permanent injunctive relief, Defendant may make similar illegal sales and shipments of alcoholic liquor to Michigan consumers in the future.

48. All nonjudicial means of restraining Beverly Hills Liquor & Wine from engaging in these violations and enforcing compliance with these Michigan laws have proven inadequate.

49. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to the Twenty-first Amendment Enforcement Act prohibiting Beverly Hills Liquor & Wine from making future sales and shipments of alcoholic liquor to Michigan consumers.

## COUNT II

## MICHIGAN CONSUMER PROTECTION ACT VIOLATIONS

50. Plaintiff incorporates by reference paragraphs 1-49 as if fully restated herein.

51. Beverly Hills Liquor & Wine has engaged in illegal alcohol sales and shipments to a Michigan consumer.

52. These practices by Beverly Hills Liquor & Wine constitute unlawful "[u]nfair, unconscionable, or deceptive methods, acts, or

14

practices in the conduct of trade or commerce" under section 3 of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.903(1), because, by these actions, Beverly Hills Liquor & Wine has:

> (a) Caus[ed] a probability of confusion or misunderstanding as to . . . the approval . . . of goods or services.

> \* \* \*

> (c) Represent[ed] that goods . . . have approval . . . that they do not have . . . .

> \* \* \*

> (n) Caus[ed] a probability of confusion or of misunderstanding as to the legal rights . . . of a party to a transaction.

> \* \* \*

> (s) Fail[ed] to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not be reasonably known by the consumer.

> \* \* \*

> (bb) Ma[de] a representation of fact . . . material to the transaction such that a person reasonably believes the represented . . . state of affairs to be other than it actually is.

> \* \* \*

> (cc) Fail[ed] to reveal facts which are material to the transaction in light of representations of fact made in a positive manner.

53. Section 5(1) of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.905(1), provides for penalties for each violation of the Act up to $25,000.00, including injunctive relief and costs.

54. Accordingly, Defendant is liable for and should be assessed civil penalties for each of the Michigan Consumer Protection Act violations.

## **REQUESTED RELIEF**

Plaintiff respectfully requests this Honorable Court to enter an Order providing for:

a) Preliminary and permanent injunctive relief under the Twenty-first Amendment Enforcement Act enjoining Defendant from continuing to violate the applicable provisions of the Michigan Liquor Control Code;

b) Preliminary and permanent injunctive relief under the Michigan Consumer Protection Act enjoining Defendant from continuing to violate the applicable provisions of that Act, Mich. Comp. Laws § 445.905(1);

c) The imposition of cumulative civil penalties against Defendant pursuant to section 5(1) of the Michigan

Consumer Protection Act, specifically $25,000.00 for each violation of the Act, including violations learned of through the course of discovery, Mich. Comp. Laws § 445.905(1);

d) Reimbursement of investigative expenses incurred, Mich. Comp. Laws § 445.905(1);

e) An award of costs and attorney fees, Mich. Comp. Laws § 445.905(1);

f) Any other relief determined to be just and appropriate.

                Respectfully submitted,

                DANA NESSEL
                Attorney General

                /s Daniel Felder
                Daniel Felder (P68920)
                Kellie L. McGuire (P85058)
                Melinda A. Leonard (P63638)
                Assistant Attorneys General
                Alcohol & Gambling Enf. Division
                25680 W. 8 Mile Rd.
                Southfield, MI 48033
                (313) 456-1180
                FelderD1@michigan.gov

Dated: November 4, 2021