UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHGAN
NORTHERN DIVISION

DANA NESSEL, Attorney General
of the State of Michigan,

    Plaintiff,

v.

BEVERLY HILLS LIQUOR &
WINE, INC.,

    Defendant.

No. 4:21-cv-12611-MFL-JJCG

HON. MATTHEW F. LEITMAN

_____/

**CONSENT DECREE AND FINAL JUDGMENT BETWEEN PLAINTIFF DANA NESSEL, ATTORNEY GENERAL OF THE STATE OF MICHIGAN, AND DEFENDANT BEVERLY HILLS LIQUOR & WINE, INC.**

Plaintiff, Dana Nessel, Attorney General of the State of Michigan, filed a Complaint in this action against Defendant, Beverly Hills Liquor & Wine, Inc. ("Defendant"), for permanent injunctive relief to restrain continuing violations of the Michigan Liquor Control Code, Mich. Comp. Laws §§ 436.1101, *et seq.*, and the Michigan Consumer Protection Act, Mich. Comp. Laws, §§ 445.901, *et seq.*, by Defendant. The parties have consented to entry of this Consent Decree and Final Judgment (the "Consent Decree"). Now, therefore, without trial of any issue of law or

fact, and upon consent of the parties, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

## I. JURISDICTION AND VENUE

1. The Court has both personal jurisdiction over Defendant and subject matter jurisdiction over the case pursuant to 27 U.S.C. § 122a(c), 28 U.S.C. § 1331, Fed. R. Civ. P. 4(k) and 28 U.S.C. § 1367(a). The Complaint in this case states a claim upon which permanent injunctive relief can be granted against Defendant under 27 U.S.C. § 122a(c) and a claim upon which permanent injunctive relief and monetary penalties can be granted against Defendant under Mich. Comp. Laws §§ 445.901, *et seq.* Venue is proper in this Court.

## II. PERSONS BOUND

2. The terms and provisions of this Consent Decree will apply to and be binding upon the Michigan Department of Attorney General, Defendant, and Defendant's successors in interest, parents, subsidiaries, affiliated entities, directors, officers, managers, agents, members, assigns, and employees.

3. No change in ownership or corporate status of Defendant, including, but not limited to, any transfer of assets or real or personal

2

property, will in any way alter Defendant's obligations under this Consent Decree.

### III. OBLIGATIONS REGARDING INTOXICATING LIQUOR[1]

4. Defendant must immediately cease illegally selling and shipping intoxicating liquor to consumers located in the State of Michigan.

5. Defendant must immediately and adequately train and educate its directors, officers, managers, agents, members, assigns, and employees that Defendant is not authorized to sell or ship intoxicating liquor to consumers located in the State of Michigan.

6. Defendant must make diligent efforts to place adequate disclaimers in all advertisements that Defendant creates or publishes for the sale of intoxicating liquor that may be viewed within the State of Michigan, including but not limited to internet-based advertisements, to clarify that such offers are not available for acceptance by consumers located in the State of Michigan.

---

[1] "Intoxicating liquor" is defined as that term is defined in 27 U.S.C. § 122a(a)(2) and includes "alcoholic liquor" as that term is defined in the Michigan Liquor Control Code, Mich. Comp. Laws §§ 436.1101, *et seq.*

3

7. Defendant must make modifications as are reasonably necessary to ensure that its ordering systems, regardless of format or mechanism (whether internet-based, telephonic, print, or mail), do not produce the sale or shipment of intoxicating liquor to consumers located in the State of Michigan.

8. Defendant's obligations regarding intoxicating liquor in Section III continue until either (1) the law changes to permit Defendant to sell and ship intoxicating liquor to consumers located in the State of Michigan without a license; or (2) Defendant obtains a license from the Michigan Liquor Control Commission permitting it to sell and ship intoxicating liquor to consumers located in the State of Michigan after a change in the law permitting it to obtain such a license.

### IV. RELEASE AND DISCHARGE

9. Except with respect to the obligations created by or arising out of this Consent Decree, and in consideration of the payment set forth in Section V, the Department of Attorney General releases and covenants not to sue Defendant for the specific claims alleged against

4

Defendant in the Complaint and specifically reserves the rights set forth in Paragraph 13 herein.

10. In consideration of the Department of Attorney General's release and covenant not to sue Defendant as set forth in Paragraph 9, Defendant releases and covenants not to sue the Department of Attorney General for any claims or defenses that may have been raised by Defendant in this action or in response to this action, including but not limited to any claims that the Department of Attorney General has intentionally interfered with Defendant's contractual or business relationships.

### V.  PAYMENT

11. Within 21 days of the Effective Date[2] of this Consent Decree, Defendant will pay the total sum of twelve thousand five hundred dollars ($12,500.00) by certified check or money order payable to the "State of Michigan Department of Attorney General." The payment will be sent to:

> Department of Attorney General
> Alcohol & Gambling Enforcement Division
> 2860 Eyde Parkway
> East Lansing, MI 48823

---

[2] "Effective Date" means the date the Clerk of Court's office enters this Consent Decree on the docket in this case after signing by the Court.

12. The payment and other consideration in this Consent Decree are in complete settlement of all damages and costs arising out of the complaint, including all attorney fees.

## VI. RESERVATION OF RIGHTS

13. Plaintiff expressly reserves the right to seek any and all legal relief available for violations of the Michigan Consumer Protection Act, Mich, Comp. Laws §§ 445.901, *et seq.*, and the Michigan Liquor Control Code, Mich. Comp. Laws §§ 436.1101, *et seq.*, that Defendant commits after the Effective Date of this Consent Decree.

14. The Parties expressly understand and acknowledge that this Consent Decree is not binding on any county prosecutor in the State of Michigan. The parties expressly understand and acknowledge that this Consent Decree is not binding on the Michigan Department of Treasury for purposes of any assessments or actions it may take for unpaid taxes, penalties, and interest. Defendant reserves, and does not waive, any rights, claims, or defenses with respect to any such claims or actions.

## VII. ATTORNEYS' FEES AND COSTS

15. The Parties expressly acknowledge and agree that each is responsible for its own attorneys' fees and costs.

## VIII. MODIFICATIONS

16. This Consent Decree may be modified by agreement of the Parties. Modifications must be in writing, signed by counsel for Plaintiff, counsel for Defendant, and an authorized representative of Defendant, and must be memorialized in an order executed and entered by the Court. Any such modifications will be effective on the date the Court enters its order approving such modifications.

## IX. OTHER CLAIMS

17. Nothing in this Consent Decree constitutes or may be construed as a release from any claim, cause of action, or demand in law or equity against any person, firm, partnership, or corporation not a party to this Consent Decree.

## X. RETENTION OF JURISDICTION

18. This Court will retain jurisdiction of this matter for the purpose of overseeing compliance with and resolving disputes arising under this Consent Decree.

## XI. AUTHORITY TO ENTER INTO THE CONSENT DECREE

19. The signatory for Defendant represents and warrants that he or she has been duly authorized to sign this document and so bind Defendant to all terms and conditions thereof.

**IT IS SO ORDERED AND AGREED.**

s/Matthew F. Leitman
Hon. Matthew F. Leitman
United States District Court Judge

Dated: February 1, 2022

APPROVED:

**For Plaintiff:**

January 31, 2022              s/ Daniel B. Felder
Date                          Daniel B. Felder (P68920)
                              Attorney for Plaintiff

**For Defendant:**            Beverly Hills Liquor & Wine, Inc.

1/31/2022                     By: [signature]
Date
                              Printed Name: YOUSEF GOLBAHARY

                              Title: Member

8